**NO SUMMONS ISSUED**

| | |
|---|---|
| **UNITED STATES COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br><br>IN RE:<br>    ZEV ABROMOWTIZ<br>        Plaintiff<br><br>-Against-<br>EQUIFAX CREDIT INFORMATION SVC INC;<br>EXPERIAN INFORMATION SOLUTIONS INC;<br>AND AMERICAN HONDA FINANCE CORPORATION.<br><br>        Defendants. | FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y<br>★ AUG 10 2011 ★<br>BROOKLYN OFFICE<br><br>CV 11 - 3840<br><br>WEINSTEIN, J.<br>MANN. M.J. |



The plaintiff Zev Abromowitz (hereinafter the "plaintiff") by his attorneys Law Offices of Lutzky & Labayen LLP, as and for his complaint against the defendants EQUIFAX CREDIT INFORMATION SVC INC (hereafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS INC; (hereinafter "Experian"); AMERICAN HONDA FINANCE CORPORATION (hereinafter "Honda") alleges as follows upon information and belief:

PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages and statutory attorney's fees brought pursuant to 15 U.S.C § 1681 *et seq* ("Fair Credit Reporting Act" or "FCRA") and the New York Fair Credit Reporting Act (General Business Law Art. 25 §§380 *et seq.*) ("NYFCRA")

2. Honda violated the Federal and NY State FCRA by failing to conduct a proper investigation of the plaintiff's dispute that he had filed with the credit reporting agency defendant. That dispute claimed that the plaintiff's payment was timely and that the reporting information that it had been late and hence written off was incorrect. Honda failed to review all relevant information purportedly provided to it

by the plaintiff and the credit reporting agency defendant and it failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff from the files maintained by them.

3. The failure to use reasonable procedures to review and remove inaccurate information was a direct result which led to the plaintiff's denial of a mortgage for his family and the embarrassment of having his wife assistance in procuring the mortgage.

4. The credit reporting agency defendant (Equifax) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the plaintiff. The Credit reporting agency defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous trade line entries which did not reflect that the plaintiff's account was current and or paid and incorrectly reported "charged off".

5. The credit reporting agency defendant (Experian) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the plaintiff. The Credit reporting agency defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous trade line entries which did not reflect that the plaintiff's account was current and or paid and incorrectly reported "$410 written off".

6. The credit reporting agency defendants violated their obligation under the FCRA and NYFCRA to investigate properly disputed items in the plaintiff's credit file maintained by them.

7. The credit reporting agency defendant provided the plaintiff's credit report, containing erroneous information, to third parties, who used such reports to make creditworthiness determinations about him, and as a result his credit score was adversely affected.

8. The credit reporting agency willfully violated various provisions of the FCRA and plaintiff is entitled to an award of punitive damages pursuant to the FCRA and these willful violations.

9. The plaintiff further alleges that as a direct and proximate result of the defendants actions, conducts, omissions, he suffered actual damages including but not limited to his ability to receive a mortgage for his family, increase in interest rates on the purchase of residential property, embarrassment in his tightly knit Jewish community, damage to his reputation, annoyance, aggravation and unprecedented frustration.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is conferred by 15 U.S.C §1681(p). This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C §1367(a). Venue is properly laid pursuant to 28 U.S.C §1391(b).

## PARTIES

11. The plaintiff is an adult resident of the State and City of New York, County of Kings.

12. The plaintiff is a "consumer" within the meaning of the FCRA 15 U.S.C §1681a(c)

13. Equifax is a Georgia Corporation duly authorized and qualified to do business in the state of New York.

14. Equifax is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C §1681a(f) and NY CLS Gen Business §380-a(k)

15. Experian is a Texas Corporation duly authorized and qualified to do business in the state of New York.

16. Experian is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C §1681a(f) and NY CLS Gen Business §380-a(k)

17. Honda is a Delaware corporation duly authorized and qualified to do business in the State of New York.

18. Honda is a "furnisher of information" within the meaning of the FCRA 15 U.S.C §1681s-2 *et seq.* and NY CLS Gen Business §380a et al.

## FACTUAL BACKGROUND

### I. *Facts pertaining to American Honda*

19. Since March 2007, the plaintiff had an account with American Honda Finance ( Acct# 9237xxxxxx).

20. Plaintiff was joint owner of a vehicle with Saul B. Berdugo which required monthly installments for 42 months.

21. Mr. Berdugo filed for Chapter 7 Bankruptcy on October 10, 2009 and he indicated on his petition interest in a leased car with American Honda finance (exhibit A)

22. Plaintiff continued to make timely payments until the end of the lease period for the car.

23. American Honda never contacted plaintiff to ever discuss a late payment or that a payment had in fact been written off, on the contrary, plaintiff received only information in regards to his current good standing and payment history. (exhibit B)

24. On or about January 1, 2010 Plaintiff received notice that his account with American Honda had been "paid in full/zero balance". (exhibit B)

25. On or about July 2010 Plaintiff received notice that his account with American Honda was being reported as "transferred to recovery"; "charged off account" "$410 written off". (exhibit C)

26. Plaintiff quickly disputed the error which was noted on his August 2010 statement. (exhibit D)

27. Honda failed to verify that the account was in proper credit standing and continues to erroneously report to the three major reporting agencies that the debt has been written off.

28. The Plaintiff is devout in his religion and to the social, financial and cultural precepts therein. The inability to have a mortgage in his name but only that of his wife's has caused the Plaintiff tremendous harm and embarrassment to his family

## II.   Facts pertaining to Experian

29. On or about September 21, 2010, the plaintiff received a copy of his Experian Credit file and discovered that it contained erroneous information pertaining to Honda stating that the account had been charged off since May 2010 and 30 days past due as of March 2010. (exhibit E)

30. On or about the end of September 2010 Plaintiff wrote to Experian with reference to American Honda and requested that Experian conduct an investigation of the disputed items and update the trade lines to show the account had not in fact been late, and was paid in full according to the terms of the lease.

31. On or about October 4, 2010 debtor received his credit report which noted that the "item disputed by consumer" in regards to the Honda account, however continued to state that the account was charged off and 30 days past due. (exhibit F)

32. February 24, 2011 the plaintiff wrote a letter demanding that a thorough review of the account be made and reminded them of their obligations under the FCRA. (exhibit G)

33. On March 14, 2011 Experian provided another credit report to the plaintiff which stated in the trade lines "Paid, Closed. $410 written off".

34. Experian has repeatedly published and disseminated such inaccurate information regarding the erroneous account information to third parties.

35. In February 2011, the plaintiff attempted to purchase a house with his wife and was told by a broker that his credit report was damaging; therefore he should keep his name off of the mortgage and allow only his wife's name on the mortgage.

36. The Plaintiff was told that his income was sufficient but his credit score was not enough to qualify alone.

37. The Plaintiff has work continuously and strenuously for years to save for a down payment and had perfect credit score for years.

38. There was only one derogatory statement on the Plaintiff's credit report and it was about American Honda Finance as reported by Experian and Equifax.

39. American Honda Finance is the only entry that is negative on the Debtor's credit report. All other entries are shown as Paid/Closed/Never Late or Open/Never late.

.

### III. *Facts pertaining to Equifax*

40. On or about September 16, 2010 the plaintiff received a report from identitymonitor.com concerning Equifax and discovered that it contained erroneous

information pertaining to Honda stating that the account had been "Paid/charged off" and "one time 30 days past due".

41. On or about the end of September 2010 Plaintiff wrote to Equifax with reference to American Honda and requested that Equifax conduct an investigation of the disputed items and update the trade lines to show the account had not in fact been late, and was paid in full according to the terms of the lease.

42. On or about October 2011 debtor received his credit report which noted that the "item disputed by consumer" in regards to the Honda account, however continued to state that the account was charged off and 30 days past due.

43. Equifax has repeatedly published and disseminated such inaccurate information regarding the erroneous account information to third parties.

44. As a result, the plaintiff's credit score maintained by Equifax has been adversely affected and he has suffered damage.

45. On or about February 2011 plaintiff was advised by a mortgage broker to NOT put his name on the purchase of his family's first home based on his damaging credit report or to get a co-borrower. (exhibit H)

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST EXPERIAN

46. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

47. Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C §1681(a)(d) and NYFCRA §380-(a)(c).

48. Such reports failed to reflect that American Honda was not in fact paid late therefore should not have been reported as charged off. Experian knew, or should have known that the reports contained erroneous information.

49. Experian negligently failed to maintain and/or follow reasonable procedures to ensure maximum possible accuracy of the information the reported to one or more parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C §1681c(b) and NYFCRA §380 j(e).

50. In addition, Experian negligently violated NYFCRA §380 j(a), which provides that: " No consumer reporting agency shall report or maintain in the file on a consumer , information which it has reason to know is inaccurate.".

51. As a direct and proximate result of such conduct, the plaintiff suffered actual damage as set forth herein.

52. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and he may therefore recover pursuant to 15 U.S.C §1681o and NYFCRA §380-m.

## AS FOR THE SECOND CAUSE OF ACTION AGAINST EXPERIAN

53. The plaintiff repeats and re alleges each and every allegation set forth above as if reasserted and re-alleged herein

54. Experian negligently failed to adopt and/or follow reasonable procedures to ensure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in

its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C §1681li and NYFCRA §380-f.

55. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

56. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact as well as his reasonable attorney's fees and he may recover thereof pursuant to 15 U.S.C §1681o and NYFCRA §380-m.

## AS FOR THE THIRD CAUSE OF ACTION AGAINST EXPERIAN

57. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

58. Experian willfully failed to adopt and/or follow reasonable procedures to ensure the proper investigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the Plaintiff's credit reports supplied to third parties in violation of 15 U.S.C §1681li and NYFCRA §380-j.

59. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

60. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fee and he may recover thereof pursuant to 15 U.S.C §1681o and NYFCRA §380-m

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST EQUIFAX

61. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

62. Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C §1681(a)(d) and NYFCRA §380-(a)(c).

63. Such reports failed to reflect that American Honda was not in fact paid late therefore should not have been reported as charged off. Experian knew, or should have known that the reports contained erroneous information.

64. Experian negligently failed to maintain and/or follow reasonable procedures to ensure maximum possible accuracy of the information the reported to one or more parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C §1681c(b) and NYFCRA §380 j(e).

65. In addition, Experian negligently violated NYFCRA §380 j(a), which provides that: " No consumer reporting agency shall report or maintain in the file on a consumer , information which it has reason to know is inaccurate.".

66. As a direct and proximate result of such conduct, the plaintiff suffered actual damage as set forth herein.

67. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and he may therefore recover pursuant to 15 U.S.C §1681o and NYFCRA §380-m.

## AS FOR THE SECOND CAUSE OF ACTION AGAINST EQUIFAX

68. The plaintiff repeats and re alleges each and every allegation set forth above as if reasserted and re-alleged herein

69. Experian negligently failed to adopt and/or follow reasonable procedures to ensure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C §1681li and NYFCRA §380-f and §380-j(3).

70. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

71. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact as well as his reasonable attorney's fees and he may recover thereof pursuant to 15 U.S.C §1681o and NYFCRA §380-m.

## AS FOR THE THIRD CAUSE OF ACTION AGAINT EQUIFAX

72. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

73. Experian willfully failed to adopt and/or follow reasonable procedures to ensure the proper investigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the Plaintiff's credit reports supplied to third parties in violation of 15 U.S.C §1681li and NY CLS Gen Business (NYFCRA) §380-k.

74. As a direct and proximate result of such conduct, the plaintiff suffered actual damages as set forth herein.

75. Experian is liable to the plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fee and he may recover thereof pursuant to 15 U.S.C §1681o and NY CLS Gen Business ( NYFCRA) §380-k.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST AMERICAN HONDA

76. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

77. After being informed by the credit reporting agency that the plaintiff disputed the accuracy of the information it was providing, American Honda negligently failed to conduct a proper investigation of the plaintiff's dispute pertaining to the erroneously listed account filed with two (possibly three) reporting agencies, as required by 15 U.S.C §1681s-2(b)(A) and NY CLS Gen Business (NYFCRA) §380-m

78. American Honda negligently failed to review all relevant information purportedly providing by such credit reporting agency to American Honda in conducting its investigation as required by 15 U.S.C§1681s-2(b)(B).

79. American Honda negligently failed to direct such consumer reporting agency to delete inaccurate information about the plaintiff pertaining to the erroneously listed American Honda accounts are required by 15 U.S.C§1681s-2(b)(C).

80. The plaintiff has a private right of action to assert claims against American Honda arising under 15 U.S.C§1681s-2(b) NY CLS Business §380-l

81. American Honda is liable to the plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with his reasonable attorneys fees and he may therefore recover pursuant to 15 U.S.C §1681o.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AMERICAN HONDA

82. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and realleged herein.

83. After being informed by the credit reporting agency that the plaintiff disputed the accuracy of the information it was providing, American Honda willfully failed to conduct a proper investigation of the plaintiff's dispute, filed with three national consumer reporting agencies, that he was not liable for the fraudulent reporting American Honda account appearing on his credit reports, as required by 15 U.S.C §1681s-2(b)(A).

84. American Honda willfully failed to review all relevant information purportedly provided by such credit reporting agency to American Honda in conducting its investigation as required by 15 U.S.C §1681s-2(b)(B). NYFCRA §308-1

85. American Honda willfully failed to direct such consumer reporting agency to delete inaccurate information about the plaintiff pertaining to the erroneous American Honda account as required by15 U.S.C §1681s-2(b)(C). NYFCRA §308-1

86. The plaintiff has a private right of action to assert claims against American Honda arising under 15 U.S.C§1681s-2(b). NYFCRA §308-1

87. American Honda is liable to the plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of

fact, together with an award of punitive damages to be determined by the trier of fact, as well as his reasonable attorneys fees, and he may therefore recover pursuant to 15 U.S.C §1681n.

WHEREFORE, the plaintiff demands judgment against Equifax, Experian and American Honda on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a trial by jury.

Dated: August 10, 2011
New York, New York

Respectfully Submitted

/s/ Michelle Labayen
Michelle Labayen (ml6868)
Law Offices of Lutzky & Labayen LLP
420 Lexington Ave suite 300
New York, NY 10170
212-297-6261
Fax 212-479-2523

Attorney for the Plaintiff